## Hickman v. Hickman.

Oct. 23, 1942.

J. K. Beasley for appellant.

Fred M. Jones for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Appellant sued appellee for divorce from bed and board and alimony on the ground of "habitual drinking," wasting of his estate, and failure to provide for plaintiff, "as he should do, or for their children." The appellee counterclaimed for an absolute divorce on the grounds of cruelty and five years living separate and apart without cohabitation. The Chancellor dismissed appellant's petition and granted appellee the relief sought by him on his counterclaim. A reversal of so much of the decree as denies appellant alimony is sought upon the authority of our decisions that a husband in fault is not relieved, by a divorce erroneously granted, of the duty of supporting his consort.

The parties are middle aged and the parents of two adult sons, one of whom is married. The appellee for many years has been employed by the Louisville & Nashville Railroad Company as a flagman and extra conductor. He is heavily indebted for bills incurred by his wife, and she is without property or income, and in "medium" health. But a consideration of the record convinces us that appellant is responsible for the predicament in which she finds herself. Her acrimonious testimony in support of her accusations of cruelty and excessive drinking, though corroborated in part by the obviously biased testimony of her sons, is unconvincing, especially when weighted against that of appellee and of the disinterested witness who refuted the wholly vague and unsupported charges of immorality which she so freely hurled against her husband in explaining her refusal to cohabit with him. He appears to have been an industrious and sober "railroader," who, according to the testimony of his superior, could not have retained his position with the Railroad had he been addicted to the abuse of liquor.

Appellant collected appellee's pay checks for many years, and when that practice was forbidden by the Company, insisted that appellee deliver them to her. When he did so and his earnings were satisfactory, he appears to have been tolerated. Otherwise, according to his testimony, he was persecuted by both his wife and sons.

With his money she defrayed the household expenses without accounting to him, and he appears to have been without voice in the matter of expenditures. He occupied a separate upstairs back bedroom, did his own washing, and bathed in the basement under a shower, although the house contained a bathroom. Frequently he was compelled to prepare his own meals, and on occasions was locked out of the house. While his charge that he and his wife had lived separate and apart without any cohabitation for five consecutive years was not satisfactorily established in view of their occupancy of the same house, his charge of cruelty was at least proven to the satisfaction of the Chancellor, whose findings of fact we are loath to disturb when we have no more than a doubt as to their correctness.

Judgment affirmed.